UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FERNANDO FORNELLI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRUEACCORD CORP.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO.5:21-cv-00715<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes FERNANDO FORNELLI ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of TRUEACCORD CORP. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

1

## PARTIES

4. Plaintiff is a consumer over 18 years of age and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff resides in San Antonio, Texas which is located within the Western District of Texas.

5. Defendant is a third-party debt collector that claims to make "debt collection empathetic and customer-focused."[1] Defendant is incorporated in the state of Delaware and is headquartered at 303 Second Street, Suite 750, San Francisco, CA 94107. Defendant regularly collects debt from consumers in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out Defendant's attempts to collect on a consumer obligation ("subject debt") Plaintiff allegedly owed.

8. Upon information and belief, the subject debt stems from Plaintiff's purported default in a personal loan Plaintiff took out from Snap Financial.

9. Upon information and belief, after Plaintiff's default, Snap Financial placed the account with Defendant for collections purposes.

10. Sometime in April 2021 or earlier, Defendant started contacting Plaintiff per email and per phone at his cellular number (915) XXX-5349 to collect on the subject debt.

---

[1] https://www.trueaccord.com/about-us/mission-and-values

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5349. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Especially Defendant sent numerous text messages to Plaintiff's cellular phone in connection with the subject debt.

13. Defendant has used a variety of numbers when texting to Plaintiff's cellular phone, including but not limited to (415) 912-1267, (508) 938-6789, and (866) 611-2731. But upon belief, Defendant has used other numbers as well.

14. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

15. A typical text message from Defendant, regardless of the originating number, appears as follows:

> **This is TrueAccord, a debt collector. We understand that money might be tight. You have options. [URL.] Reply yes to get updates or STOP to opt out of SMS.**

16. On or about July 2, 2021, feeling bombarded by Defendant's text messages, in response to a text originating from number (508) 938-6789, Plaintiff texted back "STOP" to opt out of SMS.

17. Immediately upon sending, Plaintiff received the following notification:

> **You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe.**

18. Soon afterwards Plaintiff received the texts again from Defendant's other number (415) 912-1267.

19. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, resulting in exhausting time and resources.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection texts, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending texts, interfering with Plaintiff's ability to work, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and alleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is allegedly obligated to pay back on his customer obligation to Snap Financial and a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

27. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

28. Defendant violated § 1692d when it repeatedly sent text messages to Plaintiff after Plaintiff texted back STOP to opt out of SMS. Defendant knew and should have known that Plaintiff texted STOP to opt out of SMS and that STOP applies to all text messages from Defendant, not just from one of its numerous numbers. To simply continue texting Plaintiff from different numbers upon Plaintiff opting out of SMS carries with it the natural consequence of harassing and abusing Plaintiff.

29. Plaintiff opted out of SMS when he replied "STOP." Defendant therefore was aware that further texting, regardless from which number, was not welcomed. As such, Defendant knew that its conduct was harassing and annoying to Plaintiff.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

32. Defendant violated §§ 1692e and e(10) when it falsely stated that Plaintiff could reply with STOP to opt out of SMS when in fact Defendant simply continued texting from other numbers. Defendant texts Plaintiff from different numbers with substantially similar contents in connection with the subject debt. The practice of requiring Plaintiff to reply to each number is overwhelming and deceptive to Plaintiff. Defendant could very well generate countless new numbers to send texts from upon Plaintiff replying STOP to one of its numbers. This means of

evading its acknowledgment of unsubscribing and perpetuating texting to Plaintiff is deceptive and misleading means to collect the subject debt.

### c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated § 1692f when it attempted to collect on the subject debt by alternating its dunning texts to Plaintiff between numerous different numbers. As outlined above, the practice of texting from other numbers upon Plaintiff replying STOP to one, while knowing that Plaintiff meant to opt out of all texts, is unfair and unconscionable. These means employed by Defendant only served to worry and confuse Plaintiff.

35. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal action.

WHEREFORE, Plaintiff, FERNANDO FORNELLI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;
   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);
   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);
   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);
   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt;
   f. Ordering Defendant to delete the subject debt; and
   g. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and re-alleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6)&(7).

39. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA §§ 392.302 & .304

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302 prohibits debt collectors from engaging in harassing and abusive means in debt collection.

41. As described above, Defendant violated § 392.302 when it repeatedly and continuously sent unwanted texts to Plaintiff's cellular phone while knowing that Plaintiff did not wish to receive its texts. Defendant sent these texts with the intent to harass Plaintiff into payment.

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304, prohibits debt collectors from "using . . . false representation or deceptive means to collect a debt or to obtain information concerning a consumer."

43. Defendant violated the above subsection when it staged its texting to Plaintiff in such fashion that it could always continue the act from other numbers should Plaintiff reply STOP to one of its numbers while knowing Plaintiff means to opt out of SMS completely when so replying.

44. Defendant further violated § 392.304(a)(19) of the TDCA when it falsely and deceptively represented to Plaintiff through it conduct that it can ignore Plaintiff's cease demand and proceed as it wanted.

WHEREFORE, Plaintiff, FERNANDO FORNELLI, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 28, 2021

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com